ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 17, 2008

The Honorable David H. Aken
San Patricio County Attorney
San Patricio County Courthouse, Room 108
Sinton, Texas 78387

Opinion No. GA-0671

Re: Whether under section 81.002(a) of the Local Government Code, the county commissioner's oath provision, a county may employ a subcontracting company that is owned by a commissioner (RQ-0701-GA)

Dear Mr. Aken:

You are concerned about a potential conflict of interest involving a contract in San Patricio County.[1] You tell us that the San Patricio County Commissioners Court "hired an architectural and construction firm to develop and construct a project for the county." Request Letter, *supra* note 1, at 1. You inform us that the company "as a general contractor" accepted bids on a fencing component of the project and "selected the fence company that submitted the lowest bid." *Id.* You further inform us that the selected fence company is "owned by a San Patricio County Commissioner." *Id.*

Citing two conflict-of-interest provisions—section 81.002(a), Local Government Code, and chapter 171, Local Government Code—you ask generally whether there is "a conflict of interest in this situation[.]" *Id.* You appear, however, to be concerned specifically about a conflict of interest under section 81.002(a) of the Local Government Code. *See id.* You state that section 81.002(a) "appears to prohibit a member of the commissioners court from having any indirect or direct interest in any claim against or contract with the county." *Id.* And you query whether "despite compliance with chapter 171 . . . regarding the filing of affidavits and abstentions [under section 81.002], a member of the commissioners court would be barred from any interest in a county contract whether he voted on it or not." *Id.*

Requiring an official oath from a county judge or county commissioner, section 81.002(a) provides that

> [b]efore undertaking the duties of the county judge or a county commissioner, a person must take the official oath and swear in

---

[1]*See* Letter from Honorable David H. Aken, San Patricio County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Apr. 15, 2008) (on file with the Opinion Committee, *also available at* http://www. texasattorneygeneral.gov) [hereinafter Request Letter].

> writing that the person will not be interested, directly or indirectly, in a contract with or claim against the county except:
>
> > (1)   a contract or claim expressly authorized by law; or
> >
> > (2)   a warrant issued to the judge or commissioner as a fee of office.

TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon 2008). Section 81.002(a) codifies the strict common-law rule that prohibited contracts between a governmental body and an entity in which a member of the governmental body had an interest. *See* Tex. Att'y Gen. Op. No. GA-0090 (2003) at 2 (stating section 81.002 "incorporates the strict common-law prohibition against conflicts of interest"); *see also Meyers v. Walker*, 276 S.W. 305, 307 (Tex. Civ. App.—Eastland 1925, no writ) (holding contract void saying that if a "public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract so made is violative of the spirit and letter of our law, and is against public policy"). Under section 81.002(a), a county commissioner who makes a prohibited contract, violates the commissioner's oath, and under common law, the contract is void. *See* TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon 2008) (oath of office); *Meyers*, 276 S.W. at 307 (void contract under public policy).

Chapter 171 of the Local Government Code pertains to conflicts of interests of local public officials and provides, in relevant part, that if a

> local public official has a substantial interest in a business entity or in real property, the official shall file, before a vote or decision on any matter involving the business entity or the real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:
>
> > (1)  in the case of a substantial interest in a business entity the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public[.]
>
> . . . .

TEX. LOC. GOV'T CODE ANN. § 171.004(a)(1) (Vernon 2008). Chapter 171 permits local governing bodies to enter into contracts when a member of the body is interested in a business entity or real property but requires the interested public official, in certain circumstances, to notify the body of the interest and abstain from participation in the matter. *See id.* A violation of section 171.004 is a criminal violation punishable as a Class A misdemeanor. *See id.* § 171.003.

Chapter 171 was adopted after the enactment of section 81.002, and it "effected a major change in the traditional common-law prohibition." Tex. Att'y Gen. Op. No. DM-279 (1993) at 2; *see* TEX. LOC. GOV'T CODE ANN. § 171.007(a) (Vernon 2008) ("This chapter preempts the common law of conflict of interests as applied to local public officials."). This office has harmonized section

81.002(a) and chapter 171 by construing chapter 171 to "authorize a commissioners court to enter into contracts or take actions in which the county judge or commissioner has a financial interest 'to the same extent that other local governmental bodies may take such actions.'" Tex. Att'y Gen. Op. No. GA-0090 (2003) at 3 (quoting DM-279 (1993) at 4); *see also* TEX. LOC. GOV'T CODE ANN. § 171.001(1) (Vernon 2008) (defining "local public official" broadly to include a member of a governing body of specified political subdivisions). *Compare* TEX. LOC. GOV'T CODE ANN. § 81.002 (Vernon 2008) (applying oath provision to only county judge and county commissioner), *with id.* § 171.004(a) (applying conflict-of-interest provision to "local public officials"). Additionally, this office has concluded that chapter 171 "modifies the section 81.002 oath of office provision with respect to a county judge's or commissioner's financial interest that does not rise to the level of a 'substantial interest.'" Tex. Att'y Gen. Op. Nos. GA-0090 (2003) at 4, DM-0279 (1993) at 4. Under such construction of the two statutes, chapter 171 applies to all contracts involving a business entity or real property in which a county judge or commissioner has an interest—even if the interest is not substantial—while section 81.002(a) applies to county contracts involving a county judge or commissioner who has an interest other than in a business entity or real property, for example an employment contract.[2] *See* Tex. Att'y Gen. Op. Nos. GA-0645 (2008) at 3–4 (evaluating county commissioner's employment "contract" with the county under section 81.002 and noting the anomaly in which a "county commissioner may benefit from a contract with the county that involves a business entity or real property in which the commissioner has a substantial interest . . . , yet section 81.002 prohibits the commissioner from entering an employment relationship with the county"), JC-0061 (1999) at 3 ("[S]ection 81.002 precludes a county commissioner from having an employment relationship with the county. Chapter 171 does not repeal the oath of office provisions with respect to employment relationships with the county."). Accordingly, any contract involving a business entity or real property in which a judge or commissioner has an interest is outside the scope of section 81.002(a). Because the commissioner-owned fencing company is a business entity, it is governed by chapter 171 and section 81.002(a) does not apply.

While you are primarily concerned about section 81.002(a) and suggest that the commissioner has complied with the affidavit and recusal requirements of chapter 171, the applicability of chapter 171 depends on the existence and nature of a public official's interest, a vote or decision by the governing body that is on "any matter involving the business entity," and a special economic impact. TEX. LOC. GOV'T CODE ANN. § 171.004(a) (Vernon 2008); *see also* Tex. Att'y Gen. Op. No. GA-0337 (2005) at 4 (stating determination under chapter 171 often involves questions of fact). In the circumstances you describe, we believe the determination about whether chapter 171 requires an affidavit and recusal is likely to revolve around whether any vote or decision by the commissioners court with respect to the general contractor is a vote or decision "involving" the subcontractor. *See* Tex. Att'y Gen. Op. No. DM-0309 (1994) at 2–3 (concluding that the phrase "involving the business entity" includes a business entity that represents a party with an interest in a matter before the governmental body); *see also id.* at 3 (recognizing that chapter 171 "does not confine the term 'business entity' to only those business entities with a direct interest in the action").

---

[2]*See also* Tex. Att'y Gen. Op. No. JC-0121 (1999) at 2, 7 (concluding that chapter 171 "does not apply to and therefore does not create an exception to the oath of office with respect to bail bonds because a commissioners court plays no role in the taking and approval of bail bonds" and concluding county judge was prohibited by section 81.002(a) from acting as a surety on a bail bond in the county).

### S U M M A R Y

The county commissioners' oath provision, Local Government Code section 81.002, prohibits a county judge or commissioner from being directly or indirectly interested in a contract with the county. Chapter 171 of the Local Government Code excepts from section 81.002 a county judge's or county commissioner's interest in a business entity or real property. Such a contract with the county in which a county judge or commissioner is interested is governed by chapter 171 and not prohibited by section 81.002.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee